IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEVAR PAYTON, #411-397 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-1264 |
| DISTRICT COURT/MULTISERVICE CENTER JUDGE P. CLARK[1] | * | |
| Defendants | * | |

***

## MEMORANDUM

Plaintiff Levar Payton, a Maryland Division of Correction prisoner housed at North Branch Correctional Institution ("NBCI"), brings this civil rights action under 42 U.S.C. § 1983, seeking money damages. Payton has sued the District Court/Multiservice Center, alleging that Maryland District Court Judge P. Clark "trial me improper [sic] with shackles," violating his constitutional rights. ECF 1 at 3. In addition, Payton has filed a Motion for Leave to Proceed in Forma Pauperis (ECF 2), which I shall grant, pursuant to 28 U.S.C. § 1915(a).

This court is obliged by 28 U.S.C. §1915A(b)(1) and (2) to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Under the provisions of 28 U.S.C. § 1915(e)(2), a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)

---

[1] The Clerk shall amend the docket to add Judge P. Clark as a party defendant.

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

As noted, Payton named as defendant the "District Court/Multiservice Center" in Ellicott City, Maryland, and indicates that Judge P. Clark presided over his case. A court is not a "person" subject to suit under 42 U.S.C. § 1983. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Even if a proper defendant had been identified, the case is subject to dismissal. The Due Process Clause prohibits the routine use of physical restraints visible to a jury during the guilt phase of a criminal trial, absent a special need. *See Desk v. Missouri*, 544 U.S. 622, 626 (2005). Examination of Maryland's electronic docket reveals that Payton has appeared in the Howard County District Court on several occasions, none involving a jury. In particular, in *State of Maryland v. Payton,* Case No. 2T00081244, Payton was charged in the Howard County District Court with an assault on a Division of Correction ("DOC") employee on January 20, 2013. He was found guilty of that charge on March 21, 2013, and sentenced to 18 months of incarceration. He did not appeal the conviction.

Notably, Maryland's district courts lack jurisdiction to conduct jury trials. If a defendant is entitled to and demands a jury trial, the jury trial must be conducted in the appropriate circuit court. *See* Md. Code (2013), Cts & Jud. Proc. Article § 4-302(e). Therefore, Payton could not have been subjected to physical restraints in front of a jury.

In sum, the facts of this case do not state a constitutional claim. Accordingly, the complaint shall be dismissed, without prejudice, in a separate Order to follow.

<u>May 3, 2016</u>                   <u>      /s/      </u>
Date                                   Ellen L. Hollander
                                        United States District Judge